# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

ELIJAH M. LANDON                                    PETITIONER

v.                                CIVIL ACTION NO. 4:20-CV-P46-JHM

JUDGE JOHN MCCARTY                               RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court on a *pro se* 28 U.S.C. § 2241 petition filed by Elijah M. Landon. This matter is before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] Under Rule 4, if the petitioner is not entitled to relief, the petition must be summarily dismissed. Upon preliminary review, the Court will summarily dismiss the § 2241 petition.

## I.

The petition is not a model of clarity. Nonetheless, it appears that Petitioner has been found in contempt of court for failure to appear in family court proceedings and that, as a result, Petitioner was first incarcerated and is now required to wear an ankle monitor. *See Landon v. Landon*, Daviess Circuit Court, No. 14-CI-00298.

Petitioner writes:

> FTA[2] of proceedings held in absentia (star chamber) March 14, 2019 by Judge John McCarty . . . Held on Ankle Monitor house arrest for FTA in an Emergency while Father was in ICU . . . Jailed for 16 days beginning Jan 13, 2020, released on ankle monitor at 205.00 paid by family now 15.00 a day with no date only Judges signature to remove, no pretrial court Jan 16, 2020 so appeared in jail uniform . . . held illegally on warrant given 14 hours later . . . excessive bond no hearing on ability. . . .

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.
[2] The Court presumes that "FTA" stands for "failure to appear."

As grounds for this petition, Petitioner states that his constitutional rights have been violated through "illegal search & seizure, unreasonable bond, no pretrial, No due process, no opportunity to be heard." He continues, "Fraud on the Court, by malfeasance, misfeasance and nonfeasance, case fixing, and misrepresentation of facts" as well as "Parental Autonomy, the 14th Amendment . . . , Retaliation, Judicial Misconduct, Lack of Jurisdiction, Perjury."

As relief, Petitioner ask the Court issue an Order for the "immediate removal of ankle monitor, Refund of money for debts owed for incarceration, injunction . . . to prevent further Retaliation, Transfer for lack of Jurisdiction from the Daviess Circuit Court (due to prejudice and bias) conflict of interest . . . Order need by Involvement Inc. to remove the illegal ankle monitor put on without a Court Order."

Under the section of the petition which asks Petitioner to list any earlier challenges he has made to the family court decision, he indicates that he filed an "ADA complaint" on January 28, 2020, in the family court but that no hearing was held and no action has been taken on this "motion". Petitioner also indicates that he has filed other actions in this Court related to his family court proceedings. And, indeed, a review of the Court's records indicate that Petitioner has filed an action to remove the family court action to this Court, *Landon v. State of Ky. et al.*, 4:20-cv-19-JHM (dismissed and remanded to state court, appeal pending), as well as three 42 U.S.C. § 1983 actions related to his family court proceedings, *Landon et al. v. County of Daviess et al.,* No. 4:19-cv-182-JHM (pending); *Landon et al. v. Smith et al.*, 4:20-cv-3-JHM (pending); *Landon et al. v. Vallandingham*, No. 4:20-cv-4-JHM (dismissed, appeal pending).

## II.

To obtain federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must establish that "he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Satisfaction of the custody requirement is determined at the point when the petition is first filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  The Court will assume without deciding that Petitioner can be considered to be "in custody" for purposes of this habeas action based upon the fact that he has to wear an ankle monitor as the result of a court order.  *See, e.g.*, *Lopez v. Charles*, No. 12-cv-101445-DJC, 2020 U.S. Dist. LEXIS 12999 (D. Mass. Jan. 26, 2020) (assuming without deciding that petitioner was "in custody" because she was subject to electronic monitoring by GPS and "periodic check-ins").  The Court will also assume without deciding that a request for habeas relief under § 2241 is properly invoked when a petitioner is "in custody" as the result of a civil contempt order issued in a family state-court action.  *See, e.g.*, *Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("[F]ederal habeas corpus review may be available to challenge the legality of . . . a state court order of civil contempt[.]"); *Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986) (holding that indigents in prison for failure to pay child support could challenge constitutionality of confinement in a habeas action); *Gore v. Callahan*, No. 3:15-CV-0272-K (BH), 2015 U.S. Dist. LEXIS 90183, at *3 (N.D. Tex. July 7, 2015) ("A person incarcerated for civil contempt is 'in custody' for purposes of invoking habeas jurisdiction under 28 U.S.C.  § 2241.")).

      Nonetheless, the Court finds that the instant petition must be summarily dismissed because Petitioner has failed to demonstrate that he has exhausted his state-court remedies.  *See, e.g.*, *Bronston v. Sabbatine*, No. 93-5648, 1993 U.S. App. LEXIS 29970 (6th Cir. Nov. 16, 1993) (dismissing § 2241 petition because petitioner had not exhausted his state-court remedies prior to filing the petition); *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *Smith-El v. Evans*, No. 09-

11309, 2010 U.S. Dist. LEXIS 54333, at *1 (E.D. Mich. June 2, 2010) ("Although a habeas corpus petition is available to challenge a state court's civil contempt order for failure to pay child support, a petitioner must first exhaust state remedies for his claims[.]") (citing *Leonard v. Hammond*, 804 F.2d at 840)).

Although Petitioner indicates that he has filed an "ADA complaint" in the family court regarding the issues set forth in his petition as well several actions in this Court related to his family court proceedings, he does not indicate that he has actually appealed the family court's apparent finding of civil contempt to a Kentucky appellate court or the Kentucky Supreme Court. Thus, the Court concludes that to rule on the merits of the petition at this time would undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973). For this reason, the Court will dismiss the instant § 2241 petition as premature.

## III.

Before this Court's decision may be appealed, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

4

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a COA is not warranted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: April 6, 2020

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner
    Respondent
4414.011